Connie T. Jackson
1978 Barrett Knoll Circle NW
Kennesaw, GA 30152
586-663-7989
conniejackson3434@gmail.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
MICHIGAN

| | | |
|---|---|---|
| **CONNIE T. JACKSON,** | ) | Civil Action No. |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **AUTO CLUB SERVICES, INC., (a** | ) | |
| **Michigan Corporation) and MATTHEW** | ) | |
| **MEEKS, in his individual and** | ) | |
| **Representative capacity,** | ) | |
| _____ | ) | |

COMES NOW, Plaintiff CONNIE JACKSON, pro se, for her Complaint against Defendant Auto Club Services, Inc. and Matthew Meeks, shows unto this Court the following:

### PARTIES:

1. Plaintiff, Connie Jackson is a resident of the State of Georgia and at all relevant times referenced in this Complaint was a full-time managerial employee of defendant Auto Club Services, Inc. up until the date of constructive discharge by the improper actions of the agents and/or employees of Defendant Auto Club Services, Inc.

2. Defendant, Auto Club Services, Inc., is, upon information and belief, a corporate entity organized and existing under the laws of the State of Michigan and can be served with the

Summons and Complaint in this matter by service upon defendant's registered agent of record, CT Corporation System whose address is 40600 Ann Arbor Rd., E. Suite 201, Plymouth, Michigan 48170.

3. Defendant Matthew Meeks, upon information and belief is a resident of the State of Georgia and can be served with the Summons and Complaint in this matter wherever he can be found within or without the State of Georgia consistent with the long arm statute of this State.

## JURISDICTION:

4. This action is premised on 42 USC 2000e-2(a)(1) and (a) (2), 28 USC 1331, 28 USC 1332, 29 USC 623 and this Court's pendent and ancillary jurisdiction over state law-based causes of action. The damages sustained by Plaintiff are in excess of seventy-five thousand ($75,000) dollars.

## VENUE:

5. Venue is proper in this matter consistent with the terms and provisions of MCL 600.1621(a) because "a substantial part of the events occurred in the challenge[d] venue" **Little Caesar Enters., Inc. v. Miramar Quick Serv. Rest. Corp.**, 2:18-CV-10767-TGB, 5 (E.D. Mich. Nov. 15, 2018).

## NATURE OF THE ACTION:

6. This is an action for relief emanating from intentional and/or negligent acts of discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended, the Age Discrimination Act and related state law causes of action.

7. Plaintiff alleges and the evidence to be presented in this matter will show that the agents and/or employees of defendant Auto Club Services, Inc., unlawfully discriminated

against the Plaintiff based on her age, her race and her gender all in violation of applicable federal and state laws of which defendant was fully aware of at the time of the unlawful discriminatory acts alleged herein were implemented by said agents and/or employees of defendant.

## COMMON NUCLEUS OF OPERATIVE FACT:

8. Plaintiff was hired by defendant, based on her prior employment background and high-performance outcomes, achievement and awards in the insurance industry, on or about January 28, 2013, as the Entrepreneurial Agent ("EA") Recruiter.

9. At the time of Plaintiff's hire by defendant, there were approximately five (5) EA's operating within defendant's operations. However, by December 31, 2015, the EA staff for defendant had expanded to seventy-two (72) EA's that were opened and operating throughout the state of Michigan with an additional three EAs scheduled to launch in 2016.

10. As a result of the continuing progress and corporate achievements, Plaintiff was promoted to Regional EA Recruiting Manager on or about July 24, 2015.

11. Plaintiff was also the recipient of numerous Annual Performance Reviews which properly acknowledged Plaintiff's accomplishments as evidenced by defendant's notations that Plaintiff's employment performance "Strongly Meets", Exceeds and Fully Meets the goals and expectations that defendant set to objectively evaluate Plaintiff's performance (See Exhibit "A" attached hereto and incorporated herein by reference).

12. As Plaintiff's performance in her assigned job duties and responsibilities continued to exceed expectation, she was promoted by defendant on May 7, 2018, to EA Field

    Distribution Leader and assigned to launch the New EA Program for the state of Georgia that defendant deployed on or about October 1, 2018.

13. Consistent with the Plaintiff's continued performance defendant was able to expand its Georgia operations with eighteen (18) new EAs between December 2018 and December 2021.

14. Plaintiff contends that but for technical issues associated with delays due to EA Agreements and Meemic Contracts with brokerage appointment for the initial four (4) openings and the extensive technical challenges and concerns associated with defendant's implementation of Guidewire (for which defendant was engaged in extensive litigation with Farmers Insurance for Trade Secret violations) additional EA's in Georgia would have been put in place through Plaintiff's continued efforts and activities.

15. In early December 2020, defendant held a teleconference with its employees and announced that the company would be undergoing reorganization and restructuring which would result in a reduction of staff. The proffered reasons for the reorganization was the effect of COVID and decline in travel revenue from other business operations of the defendant's business structure.

16. That Plaintiff was given a relatively short window of opportunity to decide if she wanted to take advantage of an early retirement offered by defendant or apply and interview for one of the two remaining positions with defendant.

17. Plaintiff opted to apply for the Director of Distribution position and the EA Development Specialist which was the job that Plaintiff was performing in at the time of the purported reorganization.

18. Plaintiff continued her consistent history of exceptionally high performance and achievements as evidenced by her receipt of an award for Sales Excellence earning the Presidential Elite designation which is the highest award in the entire EA Channel by the defendant company in addition to being recognized as the number one (1) EA Field Distribution Leader (FDL) in the entire company.

19. It should be noted that the Presidential Elite designation is the highest award to an employee of defendant's organization based on exceeding production goals (See Exhibit "B" attached hereto and incorporated herein by reference).

20. Upon information and belief, defendant assigned Plaintiff and the other candidates for promotional consideration certain tasks the results of which were then provided to a third-party vendor (AON) to evaluate and make recommendations to defendant.

21. Plaintiff was not informed of the results or outcome of the results of her assignments nor was Plaintiff privy to the decision-making criteria utilized by defendant in the determination of which candidate or candidates would receive promotions resulting from the reorganization.

22. However, it is known that the three (3) person interview format appeared to favor defendant Matthew Meeks as he had personal and professional relationships that had been ongoing for an extended period with two (2) of the three panelists.

23. Additionally, upon information and belief defendant Meeks had no experience with an EA Channel nor had he served as an EA with any other insurance company however, defendant company promoted defendant Meek to Illinois EA in Director in 2015 despite him having no EA experience as an Agent or a FDL.

24. When Plaintiff was promoted in 2015 to EA Regional Manager in Michigan, the Illinois EA Recruiter and the Minnesota EA Recruiter both reported to her.

25. Despite Plaintiff's ongoing progress and exceeding defendant's corporate goals and performance standards, she was overlooked for the positions that she applied for and that she was clearly well qualified to perform. However, defendant decided in favor of defendant Matthew Meek, an Illinois EA Director who is a white male and several years younger than Plaintiff.

26. Defendant overlooked Plaintiff's performance and achievements again by hiring Melissa Whiting, a white female believed to be in her 40's along with Dennis Chow, another white male who is also believed to be in his 40's as well.

27. Plaintiff's consistent performance in exceeding corporate goals and objectives in conjunction with her academic background and insurance industry experience clearly qualified her to be offered a promotion to Director during the reorganization of the company.

28. However, Plaintiff became a victim of White Affirmative Action where the defendant company opted to promote three (3) White people who appear to lack the depth of experience, background and educational qualifications of the Plaintiff but share the common characteristics of being White and younger in age than the Plaintiff.

29. The Caucasian applicants were promoted to Director status while Plaintiff was only offered a lateral position with the insulting extension in salary of a mere five (5) percent increase in compensation thereby depriving Plaintiff of the benefit of Director status and the increase in pay and benefit compensation associated with the positions extended to

the younger and lesser qualified candidates for which defendant passed over the Plaintiff based, on her age, her race and her gender.

30. Sometime subsequent to the foregoing, defendant Matthew Meeks began to engage in a continued pattern and practice of harassment consisting of pretextual complaints purported to be from EAs that were riddled with false statements and narratives that were refuted by Plaintiff with factual evidence to the contrary but facts and evidence was of no avail in the ongoing pursuit of defendants to rid the company of the presence of the Plaintiff while continuing to benefit directly from the years of loyal service and recruitment efforts by Plaintiff to enhance the market presence of the defendant's insurance products throughout Georgia as she had successfully accomplished in the state of Michigan.

31. The issues raised by defendant Meeks in his efforts to derail Plaintiff's further career advancement appears to have been ratified by upper-level management within the managerial hierarchy at defendant Auto Club Services, Inc., despite the unblemished consistent outperforming accomplishments of the Plaintiff.

32. Amongst the plethora of pretextual assertions impermissibly placed in Plaintiff's work file were false allegations that Plaintiff was only hanging around to reach retirement age which was not true but appeared to resonate with defendant Meek given that he appeared overly concerned with Plaintiff's age and depth of experience which was lacking in said defendant in addition to his continued concern of Plaintiff's continued presence with the company becoming a "lightening rod" which exposed the duplicitous public commitment to diversity and inclusion while engaging in surreptitious actions to diminish Plaintiff's

role in her then managerial position and further exclude Plaintiff to have her removed from defendant Auto Club Services, Inc., employ.

33. That Plaintiff was constructively discharged when she became unable to endure and further acts of discrimination and harassment by defendant Meeks which defendant Auto Club Services, Inc., ratified, allowed and condoned.

34. That Plaintiff filed a Charge of unlawful discrimination with the EEOC (See Exhibit "C" attached hereto and incorporated herein by reference).

35. Said EEOC Charge resulted in the issuance of the Right to Sue Letter from the EEOC which is attached hereto and incorporated herein by reference as Exhibit "D".

36. That Plaintiff has filed her action within the ninety (90) daytime period provided by law.

37. That the defendants were agents of each other in all acts complained of herein and defendant Auto Club Services, Inc., is deemed to have ratified all actions taken on by defendant Meeks as it relates to the unlawful discriminatory treatment accorded Plaintiff as described herein.

## COUNT I
## VIOLATION OF 42 USC 2000e-2

Plaintiff repeats, realleges and incorporates herein by reference paragraphs 8 through 37 as if set forth in total and further complains of defendants as follows:

38. That the acts complained of herein by defendants constitute unlawful discrimination against the Plaintiff with respect to her compensation, terms and conditions of employment and/or privileges of employment based on her race and sex age in violation of 42 USC 2000e-2 a (1).

39. That the acts and conduct complained of herein committed by defendant's duly authorized agents and/or employees constitute unlawful efforts to limit, segregate and/or

classify Plaintiff in a way or ways that would or tend to deprive Plaintiff of employment opportunities which otherwise adversely affects Plaintiff's status as an employee because of her race and sex in violation of 42 USC 2000e-2 a (2).

## COUNT II
## VIOLATION OF 29 USC 623

Plaintiff repeats, realleges and incorporates herein by reference paragraphs 8 through 39 as if set forth in total and further complains of defendants as follows:

40. That the acts complained of herein by defendants constitute unlawful discrimination against the Plaintiff with respect to her compensation, terms and conditions of employment and/or privileges of employment based on her age in violation of 29 USC 623 a (1).

41. That the acts and conduct complained of herein committed by defendant's duly authorized agents and/or employees constitute unlawful efforts to limit, segregate and/or classify Plaintiff in a way or ways that would or tend to deprive Plaintiff of employment opportunities which otherwise adversely affects Plaintiff's status as an employee because of her age in violation of 29 USC 623 a (2).

## COUNT III
## VIOLATION OF THE MICHIGAN ELLIOTT LARSEN CIVIL RIGHTS ACT
## MCL 37.2202, et seq.

Plaintiff repeats, realleges and incorporates herein by reference paragraphs 8 through 41 as if set forth in total and further complains of defendants as follows:

42. The acts and conduct of defendants set forth herein in the foregoing paragraphs constitute unlawful discrimination against Plaintiff with respect to her compensation, terms,

conditions and/or privileges of employment because of her age, race and gender in violation of the Elliott Larsen Civil Rights Act of the State of Michigan.

## COUNT IV
## VIOLATION OF GEORGIA AGE DISCRIMINATION ACT
## GA Code Sec. 34-1-2.

Plaintiff repeats, realleges and incorporates herein by reference paragraphs 8 through 42 as if set forth in total and further complains of defendants as follows:

43. The acts and conduct of defendants set forth herein in the foregoing paragraphs constitute unlawful discrimination against the Plaintiff with respect to her compensation, terms, conditions and/or privileges of employment because of her age in violation of the Georgia Age Discrimination Act.

**WHEREFORE,** Plaintiff prays this Court grant her a judgment against the defendants herein as follows:

1. That process issue in this matter.

2. That this Court enter a judgement in favor of the Plaintiff and against the defendants herein on Count I in an amount in excess of seventy-five thousand ($75,000) dollars.

3. That this Court enter judgment in favor of the Plaintiff and against the defendants herein on Count II in an amount in excess of seventy-five thousand ($75,000) dollars.

4. That this Court enter judgment in favor of the Plaintiff and against the defendants herein on Count III in an amount in excess of seventy-five thousand ($75,000) dollars.

5. That this Court enter judgment in favor of the Plaintiff and against the defendants herein on Count IV in an amount in excess of seventy-five thousand ($75,000) dollars; and

6. That this Court grant Plaintiff attorney's fees and costs associated with the prosecution of the foregoing matter; and

7. This Court grant Plaintiff all other relief that this Court deem just and proper.

Dated this  8th  day of May 2022

                              Respectfully submitted,
                             **CONNIE T. JACKSON**

                           */s/ Connie T. Jackson*
                           _____

1978 Barrett Knoll Circle NW
Kennesaw, GA 30152
586-663-7989
conniejackson3434@gmail.com

## VERIFICATION:

I, CONNIE T. JACKSON, do hereby verify that the averments contained therein are true and correct to the best of my knowledge except as to those allegations made upon information and belief and as to those allegations, I have a valid good faith basis for said assertions.

Dated this 8th day of May 2022

_____
Connie T. Jackson